IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BILLY G. ASEMANI, #339096

Plaintiff

v                                             Civil Action No. RDB-10-3611

RODERICK R. SOWERS, WARDEN, et al.

Defendants

***

## MEMORANDUM OPINION

Pending is a show cause response filed by counsel for the Maryland Attorney General's office to Billy G. Asemani's ("Asemani") claims that an anticipated assignment to the general inmate population posed imminent danger to his mental and physical health and safety. After consideration of the show cause response, the Court will deny emergency injunctive relief.

### I.  BACKGROUND

Asemani, who is currently incarcerated at the Maryland Correctional Institution-Hagerstown (MCI-H), filed a request for emergency injunctive relief to enjoin his anticipated assignment to two-inmate cell. Asemani claims that he is in imminent danger of serious physical injury since his relocation on December 2, 2010 from Western Correctional Institution (WCI) to MCI-H as part of a routine transfer. Asemani, who had been housed in a single cell at WCI for his safety, asserts that Assistant Attorney General Alan Eason and psychiatrist Doctor Reeves have indicated that he should be permanently housed in a single cell.

### II.  FACTS

Asemani was assigned initially to administrative segregation in a single cell at MCI-H. On December 8, 2010, case managers at MCI-H informed Asemani that he would not be placed

in single cell when he was released into the general population.

Verified case management records filed by counsel indicate that in 2009, Asemani was considered a housing problem at WCI, and was monitored in special housing by the psychology department. Case Management investigated Asemani's housing in May of 2009 and determined that there was no medical or psychological reason for him to be maintained in special housing or administrative segregation or single cell status. Nonetheless, he was assigned to administrative segregation on May 12, 2009 pending an investigation.

When Plaintiff transferred to MCI-H on December 2, 2010, he was placed on administrative segregation pending further investigation, with the note "per the Office of the Attorney General inmate will be permanently housed in single cell." Further investigation indicated that Asemani was not recommended for a single cell per the Office of the Attorney General and, in fact, there was no medical or psychological reason for him to be single celled.

Cory W. Walker, Case Management Specialist reviewed Plaintiff's base file and discovered that Assistant Attorney General Alan D. Eason previously stated that he had "no position whatsoever on Asemani's classification or housing." By e-mail of December 7, 2010, Ms. Walker consulted Dr. Glenroy Robinson, a psychologist, who responded that he had no concerns with regard to the Asemani. On December 8, 2010, case managment recommended that Asemani be assigned to general population where he would be double celled. In a January 5, 2011 memorandum, Dr. Robinson indicates that Asemani "does not present with mental health related issue that would warrant placement in a single cell for psychological reasons." ECF No. 6, Exhibit 1. OBSCIS Traffic History indicates that Plaintiff was transferred to general population housing on January 10, 2011 and assigned to a bottom bunk. None of Asemani's

known emenies is confined at MCI-H.

### III. STANDARD OF REVIEW

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, ___ U.S. ___, 129 S.Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, _U.S. _, 130 S.Ct. 2371, 176 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Asemani fails to establish that he is likely to suffer irreparable harm without emergency injunctive relief, and the motion for injunctive relief will be denied. His claims of imminent harm have been investigated, he does not have documented enemies at MCI-H, and there is no documented medical or psychological necessity for a single cell. It bears noting that the daily maintenance of security and order in a correctional institution are "considerations ... peculiarly within the province and professional expertise of corrections officials." *See, e.g., Bell v. Wolfish*, 441 U.S. 520, 540 n. 23, 548 n. 29 (1979). Inmates do not have a constitutionally recognized liberty interest in a particular security classification or a constitutional right to be confined in a particular prison. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

## IV. CONCLUSION

Asemani fails to establish that he is likely to suffer irreparable harm in the absence of preliminary relief, that he will succeed on the merits, or that the balance of equities tips in his favor. A preliminary injunction will be denied. Asemani will be granted twenty-eight days to inform the court whether he wants to continue consideration of his claims, amend his claims, or withdraw this case. A separate Order follows.

January 24, 2011

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE